The Full Commission has reviewed the Amended Order approving Compromise and Settlement Agreement by Deputy Commissioner Lorrie L. Dollar, and the briefs and oral argument before the Full Commission. The appealing party has shown good ground to reconsider the evidence. Having reconsidered the evidence and the briefs, the Full Commission modifies and affirms the Order of the Deputy Commissioner.
***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was injured on July 10, 1997 when a crowbar fell and hit plaintiff on the head. Defendant filed a Form 60 admitting plaintiffs right to compensation. The case was subsequently compromised and settled per agreement between the parties.
2. Plaintiffs former counsel of record, Mr. Daniel E. Smith, submitted an affidavit to the Industrial Commission stating that he had expended 120 hours handling plaintiffs case, which at times took longer than normal due to plaintiff having trouble with his memory and concentration due to the head injury he sustained.
3. Plaintiff indicated that he was dissatisfied with the services received in his case and discharged his attorney, Mr. Daniel E. Smith. Plaintiff gave no other details as to the reasons for his dissatisfaction. Plaintiff then retained Mr. Harry L. Southerland to handle his claim. Plaintiff s claim was later settled for $65,000.00, which was approved by the deputy commissioner. Mr. Harry L. Southerland was awarded a 25% fee by the deputy commissioner, which amounted to $16,250.00. There was no reference in the order to Mr. Daniel E. Smith and whether or not he should receive a fee for his work on the case prior to his discharge by the plaintiff.
4. Plaintiffs former counsel of record, Mr. Daniel E. Smith, has a contingent fee agreement with plaintiff which calls for a fee equal to 25% of the total recovery, subject to approval by the Industrial Commission. Plaintiffs current counsel, Mr. Harry L. Southerland, has a similar agreement. Contracts for fees are binding unless the Industrial Commission finds such fees to be unreasonable.
5. The Full Commission finds a 25% attorney fee for plaintiffs prior counsel of record to be unreasonable. The Full Commission likewise finds a 25% attorney fee for plaintiffs current counsel to be unreasonable. However, given the hours expended, complexity of the case and results obtained, the Full Commission finds $8,000.00 to be a reasonable attorneys fee for Daniel E. Smith, plaintiffs prior counsel and finds $8,250.00 to be a reasonable attorney fee for Mr. Harry L. Southerland, plaintiffs current counsel.
***********
Based upon the findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The Industrial Commission has the authority to review fees for attorneys in cases before the Industrial Commission. N.C. Gen. Stat. 97-90,Hardy v. Brantley Constr. Co., 87 N.C. App. 562, 361 S.E.2d 748 (1987).
2. Based on the time expended and the results obtained, $8,000.00 is a reasonable fee and shall be paid in a lump sum to plaintiffs prior counsel and $8,250.00 is a reasonable fee for plaintiffs current counsel. N.C. Gen. Stat. 97-90.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiffs current counsel of record, Mr. Harry L. Southerland, shall pay $8,000.00 to plaintiffs prior counsel, Mr. Daniel E. Smith, from the attorney fee that was paid by defendants and is the subject of this appeal. The balance of the funds, $8,250.00, shall be retained by the plaintiffs current counsel of record, Harry L. Southerland.
This 11th day of January 2001.
 S/____________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/__________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING IN PART AND DISSENTING IN PART:
S/__________________ LAURA K. MAVRETIC COMMISSIONER